PIERCE, Justice,
dissenting:
¶33. Respectfully, I dissent from the plurality’s decision to reverse the Mississippi Department of Employment Security’s (MDES) decision, denying Devin Jones unemployment compensation.
*1008 ¶ 34. I .disagree with the plurality that the Administrative Law Judge (ALJ) relied on an inapplicable provision from the employee handbook and failed to consider language contained in another provision.
¶35. As noted by the plurality, the employee handbook contains the following provision(s):

Absentee “Points System” for employees:

Points are assignee! for absences of any kind as described below (other than authorized time off with pay or authorized time off without pay, as described later in this police). Each employee begins with zero points, and points assigned remain on record for 12 consecutive months.
Tardy ’ ' = ⅛ point
Leave early - ½ point
Reported absence = 1,point
It is the employee’s responsibility to notify their supervisor if the employee will be late or absent for any reason by 8 a.m. If an employee does not- contact the supervisor or another company representative within 8 hrs. of an absence; the company will consider that the employee has voluntarily quit and termination will take place.
¶36. Based on the plain language of these provisions, an employee who leaves work early clearly is-considered absent. I see no difference between an employee who fails to report to work and does not contact the employer within eight hours of the absence and an employee who reports to work but then leaves the workplace without informing the employer within eight hours of absenting himself from the workplace. According to the record, the ALJ asked the employer, T & L Specialty Company, Inc. (Specialty), at the hearing held in this matter about both provisions related above.- Speciality responded that it considers such conduct as one and the same for: purposes of its attendance policy.
¶ 37. The plurality finds nothing in the handbook that supports the interpretation that there is no difference between an employee who fails to report to wbrk and an employee who reports to work but then leaves. Respectfully, this is wrong. First, the first sentence of the “point system” provision says: “Points are assigned for absences of any kind as described below ... [i.e.j tardy, leave early, and reported absence].”' (Emphasis added.) Second, ás the human resources officer for Speciality explained, the second provision is read in conjunction with the first. The human resources' officer testified that, “[t]he points mentioned are for tardy, a reported absence[;][t]here is a half point for leaving early, but without notification within eight hours of that absence of leaving early, then that is a voluntary quit.... That coincides with the reporting absence policy that is in conjunction with that attendance point system.”
¶ 38. This is common sense. The plurality fails to recognize this because the plurality is hung up on the fact that an employee who leaves work early incurs only a half point on his record. What the plurality fails to take into consideration is this: Why does a reported absence constitute a one-point assessment, but leaving work early constitutes only a half-point? This is because proper notification to Specialty is implicit in both instances, as the human resources officer testified. Under the plurality’s mistaken reading of -the handbook, an employee who reports to Work, clocks in, and then immediately leaves without clocking out is treated more graciously than the employee who notifies Speciality before his or her shift begins, that he or she will be absent. I point out that the record shows that Speciality utilizes a time clock, and Jones admitted in *1009 his testimony that he did not clock out when he left work the evening in question. According to Jones, he may have asked Tatum to clock him out, but Jones was unsure.
¶ 39. Further, Jones bore the burden of proof in this ease that he had good cause for leaving work. Miss.Code Ann. § 71-5-513(A)(1)(c) (Rev.2011). Jones was the only person, who testified on his behalf, and the only factual evidence presented as to why Jones left and that he notified a coworker, came from Jones’s uncorroborated testimony. Jones’s supervisor, Mich. Monts, and Specialty’s human resources representative, Karen Hodum, both testified that they did not know why Jones had left that evening and did not return. MDES was well within its discretion in this instance to reject Jones’s testimony. See Jackson Cty. Bd. of Supervisors v. Miss. Emp’t Comm’n, 129 So.3d 178, 183 (Miss.2013) (“It is the role of the agency, in its expertise, to determine the weight of the evidence and the credibility of the witnesses.”).
¶ 40. Sufficient evidence was presented to support MDES’s decision that Jones was ineligible for unemployment benefits. Accordingly, I would affirm the judgment of the Lee County Circuit Court.
WALLER, C.J., AND RANDOLPH, P.J., JOIN THIS OPINION.